# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

ANNETTE MONTOYA,

        **Plaintiff,**

**v.**                                            **CIV. No. 98-899 JP/WWD**

**LAS VEGAS CITY SCHOOLS,**
**LAS VEGAS, NEW MEXICO,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

Plaintiff claims that Defendant, her formal employer, discriminated against her because of her pregnancy. Plaintiff filed her complaint in state court, but Defendant removed the case to this court. On September 23, 1998 Plaintiff filed her Motion to Remand (Doc. No. 6). Because this court has original jurisdiction over the case under 28 U.S.C. § 1331 and Defendant's removal of the case was proper, the motion should be denied.

On June 26, 1998 Plaintiff filed her original Complaint in New Mexico state court, alleging that Defendant discriminated against her because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On July 27, 1998 Defendant filed a Notice of Removal with this court; on that same day, Plaintiff filed her First Amended Complaint in state district court. On July 28, 1998, Defendant filed its Notice of Removal in state district court. On August 5, 1998 Defendant filed its Answer to Plaintiff's original Complaint in this court. Plaintiff now seeks to remand the case to state court, arguing that removal was improper because (1)

Plaintiff has the right to choose her forum; (2) the Defendant did not include the First Amended Complaint in the documents forwarded to the federal court; (3) Defendant's counsel are not members in good standing of the Federal Bar; and (4) this Court does not have original jurisdiction over Plaintiff's claims because the Defendant may have Eleventh Amendment immunity.

Plaintiff's motion to remand should be denied. First, Plaintiff's original Complaint clearly asserts a claim under Title VII.[1] It is undisputed that federal district courts have original jurisdiction over a claim of a violation of Title VII, as this is a claim "arising under" federal law within the meaning of 28 U.S.C. § 1331. Furthermore, this court has supplemental jurisdiction over any other claims by the Plaintiff that arises from the "same case or controversy" as her Title VII claim. 28 U.S.C. § 1367(a). Thus, removal to this court was proper under 28 U.S.C. § 1441(a) and (b).

Second, it appears that Defendant's removal of the case was proper. Plaintiff's First Amended Complaint was not included among the documents filed in this court because Plaintiff filed it in state district court on the same day Defendant filed its notice of removal in this court. Thus, the Defendant appears to have properly removed the state court action as of the time the notice of removal was filed. According to Federal Rule of Civil Procedure 15(a), a party may amend her complaint once as a matter of course at any time before a responsive pleading is served; otherwise, the party wishing to amend must obtain leave of court, which shall be freely given when justice so requires. Due to the unusual circumstances of this case, Plaintiff may file

_____

[1] I have not seen Plaintiff's First Amended Complaint, as it has not been filed in this court. However, counsel for the Defendant represent that it also asserts that Plaintiff's rights under Title VII have been violated.

her First Amended Complaint in this court if she wishes to do so. The First Amended Complaint must be filed with the Clerk no later than October 30, 1998 and served on opposing counsel in accordance with Federal Rule of Civil Procedure 4.

Third, Plaintiff argues that counsel for the Defendant are not qualified to practice in this court because they are delinquent in paying the Federal Bar dues prescribed in D.N.M.LR-Civ. 83.2. Although Defendant's attorneys might be delinquent in paying their dues to the Federal Bar, remanding the case is not the appropriate remedy. Instead, Defendant's counsel of record should submit to me, no later than October 20, 1998, sworn affidavits confirming that they are members in good standing of the Federal Bar.

Fourth, Plaintiff implies that removal was improper because this court may not have jurisdiction over all of her claims against the Defendant, which she contends may have Eleventh Amendment immunity. Plaintiff's concerns are unfounded. In Duke v. Grady Municipal Schools, the Tenth Circuit held that "school districts and their governing boards in New Mexico are not arms of the state entitled to Eleventh Amendment immunity." 127 F.3d 972, 978 (10th Cir. 1997). Consequently, removal of this case to federal court was proper and Plaintiff's motion to remand should be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. No. 6) is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**

3