# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANNETTE MONTOYA,

        Plaintiff,

v.                                                                   CIV. No. 98-899 JP/WWD

LAS VEGAS CITY SCHOOLS,
LAS VEGAS, NEW MEXICO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

There are five[1] motions pending in the case: (1) Defendant's Motion in Limine to Exclude Testimony of Linda Halouzka, filed May 17, 1999 (Doc. No. 42); (2) Defendant's Motion in Limine to Exclude Testimony or Evidence Related to Tim Lucero's Alleged Compensation, filed May 19, 1999 (Doc. No. 46); (3) Plaintiff's Motion in Limine to Exclude Expert and Expert's Report, filed June 4, 1999 (Doc. No. 64); (4) Defendant's Motion in Limine to Exclude Testimony and Evidence Related to Plaintiff's Alleged Claim of Retaliation, filed June 8, 1999 (Doc. No. 69); and (5) Plaintiff's Motion in Limine to Exclude All Reference to EEOC Complaint (Doc. No. 73).

On May 17, 1999, Defendant moved to exclude the testimony of Linda Halouzka for lack of personal knowledge. Since that time, the parties have had the opportunity to depose Ms. Halouzka and to further determine the extent of her personal knowledge regarding events that are

---

[1] I have already stated that the sixth pending motion, Plaintiff's motion for sanctions against Defendant and its counsel (Doc. No. 48), will be decided by another judge after this case has been decided on the merits.

pertinent to this lawsuit.  Furthermore, Plaintiff has not responded to this motion.  Consequently, this motion should be granted as to all matters of which Ms. Halouzka does not have personal knowledge.  However, Ms. Halouzka will be permitted to testify as to any relevant fact regarding which she does have personal knowledge.

On May 19, 1999, Defendant filed a motion in limine to exclude evidence or testimony relating to the monetary compensation of Tim Lucero by Defendant during the 1994-1995 school year.  At the pretrial conference held May 24, 1999, counsel for the Plaintiff asserted that this evidence tends to prove that Defendant retaliated against Plaintiff for speaking out against disparate treatment.  At the pretrial conference I stated that I was inclined to grant the motion, but that I would afford Plaintiff an opportunity to respond in writing.  I have reviewed Plaintiff's written response to the motion, which confirms her position that the evidence of Tim Lucero's compensation, along with Plaintiff's complaint about her own compensation, is relevant to show retaliation by Superintendent Joseph Padilla.  However, in a Memorandum Opinion and Order clarifying the Pretrial Order entered July 13, 1999, I stated that the only claim that Plaintiff has properly presented is her claim of pregnancy discrimination; there is no claim of retaliation in this case.  Because the evidence of Tim Lucero's compensation does not tend to prove discrimination based on pregnancy, Defendant's motion in limine should be granted.

On June 4, 1999, Plaintiff filed her motion in limine to exclude the testimony of expert Anne Rose, PhD., and her expert's report.  Dr. Rose is a clinical psychologist.  According to Defendant, Dr. Rose's testimony will assist the jury in evaluating Plaintiff's claim that she has suffered emotional distress.  Defendant contends that "Dr. Rose will be able to assist the jury by explaining the Plaintiff's personality and thought processes which prevent the Plaintiff from accepting responsibility for her poor behavior and attitude."  Defendant's Response at 2.

However, Dr. Rose has not examined Plaintiff in person.[2] Consequently, Dr. Rose was forced to base her opinions about Plaintiff's psyche on documents in the case file, *inter alia*, the Complaint, Amended Complaint, Plaintiff's answers to interrogatories, Plaintiff's deposition, and Plaintiff's college transcripts. See Exh. 1 to Plaintiff's Motion in Limine at 1. In a letter to Defendant's counsel dated May 27, 1999, Dr. Rose stated, "I am unable to form specific conclusions about the Plaintiff in this case because . . . I have not been permitted to examine her. . . . All opinions expressed herein should be considered conjectural in nature, and should not be construed to be formal professional opinions." Id. at 2. Based on the foregoing statement by Dr. Rose, it is clear that her expert opinions regarding Plaintiff's mental state do not satisfy Federal Rules of Evidence 703 and 702, will not assist the jury, and should not be admitted. Consequently, Plaintiff's motion in limine should be granted.

On June 8, 1999, Defendant filed its motion in limine to exclude testimony and evidence related to Plaintiff's alleged claim of retaliation. Plaintiff responds to the motion by asserting that her retaliation claims are properly before the court, and that "Retaliation is implicit in [Plaintiff's] EEOC complaint." However, as explained above, Plaintiff's claims for retaliation are not properly before the court and will not be heard at trial because Plaintiff did not exhaust her administrative remedies or properly plead these claims in either her original or First Amended Complaint. Consequently, evidence relating to Plaintiff's claims of retaliation are not relevant and Defendant's motion should be granted.

On June 21, 1999, Plaintiff filed her motion in limine to exclude all references to Plaintiff's EEOC complaint. Plaintiff argues that the EEOC complaint is unfairly prejudicial to Plaintiff

---

[2] In a Memorandum Opinion and Order entered March 8, 1999, United States Chief Magistrate Judge William Deaton denied the Defendant's request for an order compelling Plaintiff to submit to an independent psychological examination.

because the EEOC did not hold a hearing and Plaintiff was unable to cross examine witnesses. Plaintiff further argues that the EEOC complaint would confuse or mislead the jury. Defendant responds that it does not seek to introduce the EEOC's ultimate finding of "no probable cause" in Plaintiff's case, but rather intends to introduce documents from the EEOC file which constitute admissions by a party opponent under Federal Rule of Evidence 801(d)(2).

Statements made by the Plaintiff may constitute admissions under Rule 801(d)(2) and may be admissible if they are relevant and have probative value that is not outweighed by the danger of unfair prejudice or jury confusion. Consequently, statements in the EEOC file made by the Plaintiff about her pregnancy discrimination claim may be admissible. However, I withhold ruling in a better position to assess the relevance until I am probative value, and prejudicial nature of the statements.

IT IS THEREFORE ORDERED that:

(1) Defendant's Motion in Limine to Exclude Testimony of Linda Halouzka, filed May 17, 1999 (Doc. No. 42) is GRANTED as to matters that are not within Ms. Halouzka's personal knowledge;

(2) Defendant's Motion in Limine to Exclude Testimony or Evidence Related to Tim Lucero's Alleged Compensation, filed May 19, 1999 (Doc. No. 46) is GRANTED;

(3) Plaintiff's Motion in Limine to Exclude Expert and Expert's Report, filed June 4, 1999 (Doc. No. 64) is GRANTED;

(4) Defendant's Motion in Limine to Exclude Testimony and Evidence Related to Plaintiff's Alleged Claim of Retaliation, filed June 8, 1999 (Doc. No. 69) is GRANTED;

5) A ruling on Plaintiff's Motion in Limine to Exclude All References to EEOC Complaint (Doc. No. 73) is DEFERRED.

_____
UNITED STATES DISTRICT JUDGE